FILED BY_____*NA*____D.C.

*Jul 8, 2024*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - ftl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

REMY J. FELIZOR,                                    )
                                                    )
             Plaintiff,                             )          Civil Action No. _____
                                                    )
v.                                                  )
                                                    )
Equifax Information Services, Llc;                  )          **COMPLAINT**
Experian Information Solutions, Inc.;               )          **WITH JURY TRIAL DEMAND**
and Trans Union, Llc                                )
                                                    )
             Defendants.                            )
_____                )

### PRELIMINARY STATEMENT

1.      The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S. Code § 1681, *et seq.* (the "FCRA") to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2.      Under the FCRA, consumer reporting agencies are charged with two primary duties: the duty to follow reasonable procedures to assure maximum possible accuracy of information when preparing consumer reports; and the duty to reasonably reinvestigate consumers' disputes of inaccurate information, and then appropriately correct or modify the disputed information. A consumer reporting agency's duty to reasonably reinvestigate consumers' disputes of inaccurate information explicitly includes the duty to notify the furnisher of the disputed information. This is because the furnisher of the disputed information stands in a

better position to make a thorough investigation of the disputed information than the credit reporting agency.

3.     Under the FCRA, furnishers of information have two similar primary duties: to report complete and accurate information regarding the consumers about whom the furnishers report; and, upon receiving notice of a consumer's dispute from a consumer reporting agency, to conduct an investigation of the disputed information, and then modify, delete, or permanently block the reporting of that information as appropriate.

4.     Defendants compile, maintain, and report information concerning Plaintiff's credit-worthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third-parties in credit transactions involving Plaintiff, for employment purposes, the underwriting of insurance for Plaintiff, and even in connection with a determination of Plaintiff's eligibility for a license or other governmental benefit. Accordingly, and pursuant to various provisions of the FCRA, Plaintiff has a legally protected interest in Defendants fulfilling their respective duties under the FCRA, so that the information reported and maintained by Defendants is done so in a manner which is fair and equitable to Plaintiff, with regards to the confidentiality, accuracy, and relevancy of that information.

5.     This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and failures to conduct reasonable investigations and reinvestigations with respect to disputes of such information.

**PARTIES**

6.      Plaintiff, Remy J. Felizor, is a natural person who resides in central-western Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.      Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), is a limited liability company formed under the laws of the State of Georgia and registered to do business in the State of Florida. Equifax may be served with process via its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, FL 32301.

8.      Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation that was incorporated in the State of Ohio and registered to do business in the State of Florida. Experian may be served with process via its registered agent, CT Corporation System, at 1200 South Pine Island Rd, Plantation, FL 33324.

9.      Defendant, Trans Union, Llc ("TransUnion"), is a limited liability company formed under the laws of the State of Delaware and registered to do business in the State of Florida. TransUnion may be served with process via its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, FL 32301.

10.     Equifax, Experian and TransUnion regularly assemble and/or evaluate consumer credit information for the purposes of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Accordingly, they are "consumer reporting agency(ies)" or "CRAs" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

11.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

12.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims occurred here.

## ALLEGATIONS OF FACT

13.     In December 2023, Plaintiff applied for a mortgage loan to finance the purchase of new personal, residential home.

14.     Plaintiff was denied the loan due to several derogatory, inaccurate tradelines that appeared on her credit reports with Equifax, Experian and Trans Union.

15.     On his credit reports were tradelines listed by Cavalry Portfolio, Publix Employees Federal Credit Union, Capital One, GS Bank USA / General Motors, American Express and BMW Financial Services and seven impermissible credit inquiries.

### A.     Cavalry Portfolio Services

16.     The CRAs are reporting a collection from a debt collector, Cavalry Portfolio Services, and this debt collector claims that Plaintiff owes $807 for Synchrony Bank, which is an old account that is now obsolete.

17.     The CRAs should know that this debt is obsolete because they are no longer reporting the Synchrony Bank account because of its old age.

18.     If the CRAs were reporting complete information, including the complete payment history and the date the Synchrony Bank account became delinquent, then it would be apparent that this collection is obsolete.

19.     Additionally, the balance on this account is inflated by 100% or more.

20.     The CRAs should know that the balance is inflated because Cavalry Portfolio Services is currently reporting a higher amount than the previously reported balance.

21.     Last, Cavalry Portfolio Services did not buy the debt from Synchrony Bank.

22.     So, the Plaintiff does not owe any amount of money to Cavalry Portfolio.

### B.     Publix Employees Federal Credit Union

23.     The CRAs are reporting two charged off accounts from Publix Employees Federal Credit Union.

24.     The CRAs inaccurately reported the debts as being charged off in November 2018.

25.     Both accounts were closed over seven years ago.

26.     The CRAs are not reporting the full payment history. Specifically, they have no information at all for 2015 and 2016, reporting no data available for all of 2017 and most of 2018.

27.     Additionally, the reported balances are inaccurate.

28.     The account reporting a $309 balance should report a $0 balance.

29.     And the account showing $763 past due is patently inaccurate because the charge-off balance reports a $515 balance.

30.     Last, the CRAs are reporting the same account number for both accounts.

31.     Making matters worse, the reported account number is not complete.

32.     Plaintiff requested his full credit file, including the complete account numbers but that information was not provided.

### C.     GS Bank USA / General Motors

33.     The CRAs are reporting that Plaintiff was 60-days late in May 2020 on his account with GS Bank USA / General Motors.

34.     The CRAs reporting is false because the Plaintiff has never been more than 30 days late on his account with GS Bank USA / General Motors.

### D.     AMERICAN EXPRESS

35.     The CRAs are reporting an obsolete debt that Plaintiff had with American Express well over 7 years ago.

36.     Experian and Trans Union are reporting the American Express account as a paid charge-off that was paid for less than legal amount.

37.     Experian and Trans Union's reporting is false because the American Express account was paid in full, not for less than the legal amount owed.

38.     While Experian and Trans Union are, at least, reporting the current status as a Paid Charge-Off, Equifax is reporting the current status as a charge-off that has not been paid.

39.     All three CRAs are omitting payment history on the account that would reveal this account is older than 7 years old.

40.     More particularly, if the CRAs reported the full payment history, then the dates of delinquency would be shown to have occurred over 7 years ago.

41.     Not only are the reports incomplete for omitting the payment history, but the reports are also patently inaccurate—as they include contradictory information.

42.     Specifically, the CRAs are reporting that the account was both opened in October 2017 and became delinquent in October 2017.

43.     Of course, it is impossible for the account to have been delinquent when the account was first opened, so this reporting is patently inaccurate and should have never been allowed to be included in Plaintiff's reports.

**E.    BMW Financial Services**

46.     The CRAs are reporting an auto loan for Plaintiff with BMW Financial Services.

47.     In January 2024, the CRAs were reporting the BMW Financial Services account as previously in collection, then Current and closed.

48.     However, according to Equifax's report from April 2024, Equifax is now reporting the current Pay Status as a Collection and the remarks section states the account was paid for less than the full balance.

49.     Both the Pay Status and remarks section are inaccurate.

50.     The account was Current when it was closed, and the account was paid for the full amount that was owed.

51.     Equifax knows that its current reporting is inaccurate because it is contradicted by its prior reporting of this account.

52.     Plaintiff is in the dark as to how his Experian and Trans Union reports are currently reporting the BMW Financial Services account because both Experian and Trans Union refused to give Plaintiff a copy of his credit report.

### F.     Illegal Inquiries

53.     Plaintiff's credit reports list several unauthorized credit inquiries that resulted in the release of Plaintiff's credit information to companies that did not have a permissible purpose to receive Plaintiff's report.

54.     There is an inquiry from Cardinal Financial on January 26, 2024.

55.     The Plaintiff did not contact Cardinal Financial and the company had absolutely no authorization to pull his credit report.

56.     There are 3 inquiries with Rocket Mortgage that were not authorized.

57.     Plaintiff did not authorize Rocket Mortgage to pull his credit report on January 22, 2024, January 23, 2024 and January 24, 2024.

58.     There are four inquiries for May 13, 2023.

59.     Only one of the inquiries for May 13, 2023 was authorized.

60.     Three of the inquiries were not authorized.

### G.     Disputes of Credit Inaccuracies

61.     Plaintiff informed the CRAs of the inaccuracies included in their reports.

62.     The CRAs forwarded Plaintiff's dispute the furnishers of the disputed tradelines.

63.     The CRAs did not forward Plaintiff's dispute to the furnishers or sources of information of the disputed inquiries.

64.     The furnishers of the disputed tradelines responded to Plaintiff's dispute by instructing the CRAs to continue reporting the tradelines with making any corrections.

65.     The CRAs did not investigate Plaintiff's dispute before forwarding the dispute to the furnisher and blindly—without considering the information in Plaintiff's dispute—accepted the furnishers' response to Plaintiff's disputes, and continued reporting the tradelines without making any corrections.

66.     Had the CRAs conducted a reasonable investigation they would have discovered that disputed tradelines contained inaccuracies, that the disputed tradelines were incomplete, and that furnishers were unreliable in their reporting of the disputed tradelines.

67.     Similarly, had the CRAs investigated Plaintiff's inquiry disputes, the CRAs would have removed the inaccurate inquiries or amended Plaintiff's credit file to reflect that the inquiries were unauthorized.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FCRA**
**15 U.S.C. §§ 1681e, 1681g and 1681i**

68.     Plaintiff incorporates by reference the preceding paragraphs as fully stated herein.

69.     Pursuant to 15 U.S.C. § 1681e(a), CRAs are responsible for maintaining reasonable procedures designed to limit the furnishing of consumer reports for a permissible purposes.

70.     The CRAs violated § 1681e(a) by failing to maintain reasonable procedures to prevent the unauthorized release of Plaintiff's reports to several third parties.

71.     Pursuant to 15 U.S.C. § 1681g(a)(1), CRAs are mandated to provide a consumer with the consumer's file upon request from the consumer.

72.     Experian and TransUnion violated § 1681g(a)(1) by failing to provide Plaintiff with his credit reports after he requested her report.

73.     Pursuant to 15 U.S.C. § 1681e(b), CRAs are responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports about Plaintiff.

74.     Pursuant to 15 U.S.C. § 1681i(a)(1)(A), the CRAs had an affirmative duty to independently investigate the dispute submitted by Plaintiff.

75.     Pursuant to 15 U.S.C. § 1681i(a)(2), the CRAs were required to communicate the specifics of Plaintiff's dispute to the furnishers of the disputed information, including the forwarding of any documents provided by Plaintiff in support of that dispute.

76.     A CRAs' reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

77.     A reasonable reinvestigation clearly requires some degree of careful inquiry, and more than just a superficial inquiry.

78.     The reasonableness of a reinvestigation under the FCRA is generally a question of fact for the jury.

79.     In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. § 1681i(a)(4), the CRAs required to review and consider the information submitted by Plaintiff.

80.     Plaintiff's dispute was clear and unambiguous as to the inaccuracies of the CRAs' reporting of the items on his report.

81.     Plaintiff provided all the relevant information necessary for the CRAs to conduct a reasonable reinvestigation, and correct the inaccuracies in their reporting.

82.     The CRAs breached their duties as described herein.

83.     If the CRAs had conducted a reasonable reinvestigation of Plaintiff's dispute, the CRAs would have reviewed and considered all of the information Plaintiff submitted in his dispute, and would have easily detected that what was being reported regarding the disputed items was factually incorrect, inaccurate, and misleading.

84.     If the CRAs had conducted a reasonable reinvestigation of Plaintiff's dispute, and pursuant to § 1681i(a)(5), the disputed items on Plaintiff's reports would have been appropriately modified (corrected) or deleted.

85.     Due to the CRAs' failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's reports was not appropriately modified.

86.     The CRAs had all the information necessary to correct its reporting. Despite that, the CRAs failed to correct the false, disputed information, in the face of clear evidence that its reporting was false and misleading. That failure indicates that the CRAs' reinvestigation procedures were not reasonable.

87.     The fact that the CRAs had all the information necessary to correct their reporting, yet failed to do so in an appropriate manner, further indicates that the CRAs recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, arising to a willful violation of the statute.

88.     Upon information and belief, the CRAs have prepared consumer reports containing the incomplete and inaccurate information at issue, and has published the incomplete and inaccurate information to third parties.

89.     The CRAs willfully, or in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in his consumer reports, in reckless disregard of the statutory requirements and Plaintiff's dispute.

90.     The CRAs willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways, including without limitation, by failing to properly notify the furnishers of Plaintiff's dispute, by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately modify information in Plaintiff's file and on his consumer reports, in reckless disregard of the statutory requirements, and Plaintiff's dispute.

91.     As a result of CRAs violations of 15 U.S.C. §§ 1681e(a), 1681e(b), 1681g(a) and 1681i, Plaintiff has suffered actual damages as described herein. Plaintiff is, therefore, entitled to recover actual damages from the CRAs pursuant to 15 U.S.C. §§ 1681n and 1681o.

92.     The CRAs' actions and omissions were willful, rendering them liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

93.     Plaintiff is entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Mr. Felizor seeks judgment in his favor and damages against Defendants:

A.     awarding Mr. Felizor against all Defendants actual damages in an amount exceeding $75,000, statutory damages, punitive damages; and

B.      ordering all Defendants to immediately delete all inaccurate information from Mr. Felizor's consumer reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer information and to send updated and corrected consumer report information to all persons and entities to whom it has reported inaccurate information about Mr. Felizor within the last three years.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Felizor demands a trial by jury as to all issues so triable.

Dated: May 12, 2024                          Respectfully submitted,

Remy Felizor (Pro Se)
6351 NW 11TH ST APT 9
SUNRISE, FL 33313
(919) 396-7481
RemyFelizor@yahoo.com